FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON MARK HART,<br><br>    Petitioner,<br><br>    v.<br><br>ROB M. JACKSON,<br><br>    Respondent. | No. 2:23-CV-00114-SAB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court are Petitioner Mr. Hart's Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, ECF No. 1; related Motion to Expedite, ECF No. 15; and related Motion to Compel Ruling on Habeas Corpus, ECF No. 17. Petitioner is *pro se*. Respondent is represented by Christopher Fowler. The motions were considered without oral argument.

Plaintiff bases his petition on ineffective assistance of counsel and states he overcomes the 28 U.S.C. § 2244(d) statute of limitations bar because his case is predicated on evidence that could not previously have been discovered through the exercise of due diligence. Respondent argues the petition is barred by the statute of limitations. After reviewing the petition, briefs, record, and law, the Court denies the Petition for Writ of Habeas Corpus.

//

//

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** *1

# FACTS

Petitioner Mr. Hart filed this Petition for Writ of Habeas Corpus based on his 2014 criminal conviction in Washington State court on the charge of second-degree murder, domestic violence. Mr. Hart was tried in the Spokane Superior Court with appointed counsel. On October 17, 2013, during the prosecution, Mr. Hart's defense counsel requested a competency evaluation, which was conducted by Eastern State Hospital. Mr. Hart was deemed competent to stand trial on February 10, 2014. On September 28, 2014, he pled guilty.

The plea was verified as voluntary, and the state court accepted the plea after finding that Mr. Hart made the decision knowingly, intelligently, and voluntarily. He received 171.5 months incarceration and 36 months community custody.

Mr. Hart made state court appeals regarding his conviction[1] based on concerns regarding, among other issues, his mental competency and ineffective assistance of counsel, but he did not appeal the judgment and sentence. Each were denied as time barred. He now brings these claims in federal court.

# MOTION STANDARD

A prisoner in state custody can file for a federal writ of habeas corpus under 28 U.S.C. § 2254. Relief is limited to "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for seeking federal habeas review and applies to final judgments made after April 24, 1996. *See* 28 U.S.C. § 2244(d)(1). The limitations clock begins to run from the latest of:

---

[1] The Washington Court of Appeals dismissed Petitioner's first Personal Restraint Petition ("PRP") as untimely on March 6, 2020. The Court of Appeals dismissed Petitioner's second PRP as time-barred, successive, and frivolous on July 7, 2022.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *2**

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## ANALYSIS

Mr. Hart's claim of Ineffective Assistance of Counsel at the time of conviction based on a failure to obtain certain medical documents from his Veteran's Administration records is time barred. His conviction was finalized in 2014, and this petition was filed in 2023, far beyond the one-year limitation for Section 2244(d) petitions. He claims new evidence from his Veteran's Administration records note a disability prior to conviction. But his military discharge papers point to physical conditions and not a disability, with limited other information. He self-reported that he suffered a traumatic brain injury while in the service, but the mental competency evaluation conducted during his trial was tasked with identifying such mental disabilities or conditions; the evaluation cleared him for trial. Other self-reported brain injuries occurred in prison after conviction. The record does not support his claim of new evidence to show a "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" prior to conviction. 28 U.S.C. § 2244(d)(1)(D).

Mr. Hart also does not qualify for equitable tolling on his habeas petition.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *3**

Only petitioners who pursue their rights diligently and can show an extraordinary circumstance stood in their way can receive equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). To meet the standard, he would have to show (1) he suffered from a mental impairment that prohibited him from rationally or factually understanding the filing deadline or from preparing the habeas petition altogether; and (2) he acted diligently in pursuing the petition but was hindered by mental impairment. *See Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010).

Mr. Hart's first state petition was filed in 2019 and the second in 2022; both were dismissed as untimely. This precludes the federal habeas petition and tolling. *See Rudin v. Myles*, 781 F.3d 1043, 1054 (9th Cir. 2014); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).")

There is no record, discussion, or indication as to why Mr. Hart waited more than three years past the statute of limitations deadline on his conviction to file any appeal. He accepted the mental competency evaluation results when he pled guilty. In this petition, he simply argues new evidence and ineffective assistance of counsel, both unavailable given the facts and passage of time.

As in state court, Mr. Hart's claims are time barred in federal court.

//
//
//
//
//
//
//
//
//
//

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *4**

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner Hart's Petition for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, is **DENIED**.

2. Petitioner's related Motion to Expedite, ECF No. 15, and Motion to Compel Ruling on Habeas Corpus, ECF No. 17, are **DISMISSED as moot**.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order, provide copies to *pro se* Petitioner and counsel, and **close** the file.

**DATED** this 29th day of January 2024.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *5**